**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| OMAR WARE,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT J. JORDAN, Jr.<br>Serve at: 1608 Georgia Street<br>Louisiana, MO 63353<br><br>CLAY STANTON,<br>Serve at: Northeast Correctional Center<br>13698 Airport Road<br>Bowling Green, Missouri 63334<br><br>Defendants. | ) | Case No.: |

## COMPLAINT

COMES NOW Plaintiff Omar Ware, by and through undersigned counsel and for his causes of action against Defendants Robert Jordan, Jr. and Clay Stanton states and alleges as follows:

## PARTIES

1. Plaintiff Omar Ware is an individual over the age of 18 and is a resident of the State of Missouri. At all times relevant hereto, Plaintiff was in the care, custody and control of the Missouri Department of Corrections ("MODOC") and was a resident of Northeast Correctional Center ("NECC") in Bowling Green, Missouri.

2. Northeast Correctional Center ("NECC") is a detention facility for men located in Bowling Green, Missouri. NECC is owned and/or operated by the State of Missouri and under the control and management of MODOC.

3. Defendant Robert James Jordan (hereinafter "Defendant Jordan") was at all relevant times a correctional officer at NECC and was an employee of the MODOC and/or NECC. Upon information and belief, at all times relevant hereto, Defendant Jordan was acting in the course and scope of his employment with MODOC and/or NECC and was acting under the color of state law. Upon information and belief, Defendant Jordan resides in Louisiana County, Missouri. Defendant Jordan is being sued in his official and individual capacity.

4. Defendant Clay Stanton (hereinafter "Defendant Stanton") was at all relevant times the warden of NECC and was employed by MODOC and/or NECC. Upon information and belief, at all times relevant hereto, Defendant Stanton was acting in the course and scope of his employment and was acting under the color of state law and was the supervisor of Defendant Jordan with responsibility for the training and/or supervision of Defendant Jordan. Upon information and belief, Defendant Stanton resides in Missouri. Defendant Stanton is being sued in his official and individual capacity.

**JURISDICTION AND VENUE**

5. Plaintiff brings this action due to the violation of his civil rights under 42 U.S.C. §1983, 42 U.S.C. §1988, the Eighth Amendment, the Fourth Amendment and/or the Fourteenth Amendment to the United States Constitution as well as similar provisions of the Constitution of the State of Missouri while Plaintiff was in the custody and care of MODOC.

6. Jurisdiction is conferred by 28 U.S.C. §1343 which provides for original jurisdiction of this Court in any civil action to redress the deprivation under color of state law, statute or ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens and to recover damages under any Act of Congress providing for protection of civil rights.

Plaintiff's actions for damages are authorized by 42 U.S.C. §1983, 42 U.S.C. §1988, the Eighth Amendment, Fourth Amendment and Fourteenth Amendment to the United States Constitution.

7. Plaintiff hereby requests supplemental jurisdiction of his state law claims pursuant to 28 U.S.C. §1367 as Plaintiff's state law claims are so related to the claims giving rise to original jurisdiction in this Court that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) because the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Missouri.

9. Pursuant to 42 U.S.C. §1997e(a), Plaintiff exhausted his administrative remedies in pursuing the claims asserted herein. Plaintiff filed a grievance on or about March 5, 2026 which is attached hereto as **Exhibit A**. Plaintiff received a response from the Warden stating his complaint had already been resolved in 2023, and no further action was required of Plaintiff which is attached hereto as **Exhibit B**. Plaintiff appealed that grievance on or about April 6, 2026, which is attached hereto as **Exhibit C**. On May 14, 2026, David Brengle with the Office of General Counsel for the Missouri Department of Corrections confirmed in writing that Plaintiff's grievance was exhausted. Correspondence from Brengle, D. dated May 14, 2026 attached as **Exhibit D**.

10. Because Plaintiff's claims asserted herein are based upon allegations that Defendant Jordan sexually assaulted Plaintiff, there was and is no time limit for the filing of Plaintiff's grievance pursuant to *Trump v. Johnson*, Case No. 2:17-CV-42-CDP, 2020 WL 1531124 (E.D. Mo. March 31, 2020) and *Ware v. Jordan*, Case No. 2:24-CV-48-ZMB n. 2 (E.D. Mo. March 3, 2026)

## **FACTUAL ALLEGATIONS**

1. At all relevant times, Plaintiff was an inmate at NECC in Bowling Green, Missouri and was under the care, custody and control of MODOC.

2. At all relevant times, Defendant Robert Jordan was a correctional officer employed by the State of Missouri working at NECC.

3. While Plaintiff was incarcerated at NECC, Defendant Jordan attempted to bribe and/or entice Plaintiff into inappropriate conversations by supplying Plaintiff with restricted snacks, illegal passes, and other types of contraband.

4. Defendant Jordan also snuck letters to Plaintiff asking Plaintiff for favors as well as discouraging Plaintiff from reporting the bribery, contraband, and inappropriate conversations.

5. Plaintiff turned in the letter from Defendant Jordan to superiors at NECC.

6. On various occasions, Defendant Jordan would make inappropriate comments and advances at Plaintiff. On multiple occasions, Defendant Jordan attempted to sexually assault Plaintiff by grabbing at Plaintiff's crotch and/or penis and attempting to grope Plaintiff's penis.

7. On one occasion, Defendant Jordan gave Plaintiff two cigarettes. After giving the Plaintiff the cigarettes, Defendant Jordan attempted to place his mouth on Plaintiff's penis.

8. Plaintiff was able to get away, but not before Defendant Jordan made contact with Plaintiff's genitals.

9. Upon information and belief, Defendant Jordan knew the placement of the cameras at NECC due to his role as an NECC correctional officer and/or due to his alleged husband also being employed at NECC and controlling the surveillance system.

10. Upon information and belief, due to Defendant Jordan knowing where the cameras were located at NECC, he would attempt to trap Plaintiff in areas where there were no cameras and attempt to sexually assault Plaintiff.

11. From April of 2023 to June of 2023, Plaintiff was sexually assaulted multiple times by Defendant Jordan while he was in the course and scope of his work as a correctional officer at NECC.

12. During this time period, Plaintiff was sexually assaulted at least six times by Defendant Jordan.

13. Upon information and belief, Defendant Jordan assaulted and/or attempted to assault other inmates at NECC.

14. Upon information and belief, Defendant Stanton knew and/or should have known that Defendant Jordan was using his position as a correctional officer at NECC to sexually assault Plaintiff and other inmates at NECC.

15. On or about May 26, 2023, around 6am Plaintiff was standing in the dining room when Defendant Jordan approached him. At the time, Defendant Jordan approached Plaintiff, Plaintiff was completing his work shift in the "chow hall."

16. Defendant Jordan began making inappropriate comments to Plaintiff as well as attempted to bribe Plaintiff, once again. Plaintiff brushed off the Defendant's advances to which Defendant Jordan responded by grabbing Plaintiff's genitals through his pants.

17. Plaintiff told Defendant Jordan to stop before the contact went further. After Plaintiff tried to stop Defendant Jordan, Defendant Jordan responded by aggressively approaching Plaintiff and pushed Plaintiff against the rail in the dining hall while threatening Plaintiff.

18. Upon information and belief, this interaction was caught on NECC surveillance video and was reviewed by NECC staff after Plaintiff made a report.

19. Upon information and belief, Plaintiff was not the only inmate at NECC that was sexually assaulted by Defendant Jordan.

20. Upon information and belief, it was common practice for Defendant Jordan to sexually harass and sexually assault inmates at NECC.

21. Upon information and belief, it was common practice for Defendant Jordan to bring in outside contraband and bribes inmates in exchange for sexual favors and/or advances.

22. Upon information and belief, staff at NECC including Defendant Stanton and/or the John Doe Defendants were aware that Defendant Jordan had not only sexually assaulted Plaintiff but had a pattern of practice of sexual assaulting other inmates at NECC.

23. Upon information and belief, a co-worker and superior, Sergeant Cameron, witnessed Defendant Jordan grope another NECC resident.

24. It was the policy and procedure of NECC for facility management including Defendant Stanton and/or John Doe Defendants to determine the appropriate level of access to the facility for all employees and to respond to all grievances or complaints made by inmates.

25. Upon information and belief, Defendant Stanton and/or the John Doe Defendants knew or should have known that Defendant Jordan was sexually abusing inmates of NECC, both verbally and physically.

26. Defendant Stanton and/or the John Doe Defendants knew or should have known that allowing Defendant Jordan to bring in outside contraband, bribe inmates, and pass notes to inmates would create unhealthy relationships and/or create inappropriate relationships allowing Defendant Jordan to take advantage of those relationships with inmates to sexually assault the inmates at NECC including Plaintiff.

27. Upon information and belief, Defendant Stanton and/or the John Doe Defendants were responsible for ensuring that employees at NECC received training on the policies and

procedures of MODOC, that staff strictly adhered to site operating procedures and plans, and that staff followed the policies and procedures of MODOC while working at NECC.

28. It was the policy and procedure at NECC and MODOC that all employees were to receive training related to the Prison Rape Elimination Act of 2003.

29. It is the policy of MODOC that there is a zero-tolerance policy of all forms of offender sexual abuse and harassment. The policy further states that staff on offender sexual misconduct will not be tolerated and is against state law.

30. State and Federal law state that all sexual relations between staff and inmates is considered abuse.

31. Federal law also states that inmates are incapable of consenting to sexual contact or sexual relationships with correctional officers as a matter of law.

32. There is an affirmative policy in place by MODOC that requires any and all MODOC employees that know about staff-on-offender sexual abuse to immediately report it.

33. Upon information and belief, even though other employees and staff of NECC including Defendant Stanton and/or the John Doe Defendants knew or should have known that Defendant Jordan was sexually abusing inmates, including Plaintiff, no staff reported the abuse and/or disciplined Defendant Jordan for sexually abusing inmates at NECC.

34. Due to the sexual abuse of Plaintiff, Defendant Jordan currently has pending criminal charges for sexual abuse in Pike County, Missouri.

35. Plaintiff has suffered damages which include but are not limited to mental anguish, physical trauma, sexual trauma, and injuries which require medical care and treatment.

**COUNT I – VIOLATION OF THE EIGHTH AMENDMENT, FOURTH AMENDMENT, AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION**
**(All Defendants)**

36. Plaintiff hereby incorporates by reference the allegations and averments contained in Paragraphs 1 through 44 of his Complaint as though fully set forth herein.

37. Defendants were responsible for the housing, care, safety, custody and control of inmates of NECC including but not limited to Plaintiff and therefore had a duty to take reasonable measures to guarantee the safety of resident of NECC including a duty to protect Plaintiff from sexual assault, as set forth in the Prison Rape Elimination Act.

38. Plaintiff had the clearly established right under 42 U.S.C. §1983 as well as the Eighth Amendment, Fourth Amendment and Fourteenth Amendment to the United States Constitution to be free from unreasonable searches and seizures, excessive force and physical harm and abuse including sexual abuse while in the care, custody and control of Defendants.

39. On multiple occasions, over the course of months, Defendant Jordan physically touched Plaintiff with the purpose of gratifying the sexual desires of Defendant Jordan.

40. Upon information and belief, Defendant Jordan had a history, custom, and/or practice of sexual abusing inmates, including Plaintiff at NECC.

41. Upon information and belief, Defendant Stanton and/or the John Doe Defendant knew or should have known that Defendant Jordan was sexually assaulting inmates at NECC including Plaintiff.

42. Upon information and belief, other correctional officers at NECC witnessed Defendant Jordan sexual abusing and/or sexually harassing inmates at NECC, including Plaintiff.

43. Upon information and belief, Defendant Jordan was allowed to sexually assault Plaintiff because Defendant Jordan's partner was operating and/or monitoring the cameras at NECC.

44. Defendant Jordan knew that he had sexually assaulted Plaintiff on multiple occasions and that his actions violated Plaintiff's constitutional rights.

45. After sexual assaulting Plaintiff on numerous occasions, Defendant Jordan became aggressive and physically threatened Plaintiff with bodily harm.

46. Defendant Jordan was deliberately indifferent to the substantial risk of harm and violated Plaintiff's Fourth Amendment, Eighth Amendment and Fourteenth Amendment rights by:

(a) Sexually assaulting plaintiff by touching, groping or otherwise making physical contact with Plaintiff's penis or genitals;

(b) Bribing, manipulating, and coercing Plaintiff into private areas of NECC without surveillance so that Defendant Jordan could sexually assault Plaintiff;

(c) Threatening Plaintiff with bodily harm if Plaintiff did not give in to Defendant Jordan's sexual advances;

(d) Sexually harassing Plaintiff;

(e) Verbally harassing Plaintiff by making sexual suggestive comments; or

(f) failing to follow mandated policies and procedures regarding the Prison Rape Elimination Act.

47. Defendant Jordan took the foregoing actions with the intent to and/or the knowledge of the potential to cause serious bodily harm to Plaintiff including but not limited to emotional distress.

48. Defendant Jordan's conduct as described above constitutes actions that shock the conscious under the Fourth Amendment, Eighth Amendment and Fourteenth Amendment to the United States Constitution and violated clearly established constitutional and statutory rights.

49. The conduct of Defendant Jordan was objectively unreasonable and demonstrates a deliberate indifference to a substantial risk of serious harm to Plaintiff.

50. Upon information and belief, the practice and custom of allowing Defendant Jordan to verbally and sexually harass inmates fostered an environment of sexual violence at NECC.

51. This policy, practice and/or custom at NECC caused and/or contributed to cause Defendant Jordan's ability to harass, assault, and harm and assault multiple inmates, including Plaintiff.

52. Defendant Stanton and/or the John Doe Defendants knew or should have known that by ignoring reports and complaints about Defendant Jordan and allowing Defendant Jordan to sexually harass and assault inmates would result in a violation of Plaintiff's constitutional rights.

53. Defendant Stanton and/or the John Doe Defendants were deliberately indifferent to the substantial risk of harm and violated Plaintiff's Fourth Amendment, Eighth Amendment Fourth and Fourteenth Amendment rights by:

a. Failing to implement and/or enforce adequate policies and procedures for the care, supervision of NECC correctional officers including Defendant Jordan;

b. Failing to properly respond to complaints of sexual harassment, verbal harassment, and sexual assault by Defendant Jordan;

c. Failing to properly investigate complaints of harassment and sexual abuse of inmates including Plaintiff;

d. Failing to properly train NECC staff about the Prison Rape Elimination Act and MODOC policies;

e. Failing to train and/or instruct NECC employees, agents and servants to properly supervise and monitor inmates;

f. Failing to train and/or instruct NECC employees, agents, and servants to report inappropriate relationships or interactions between NECC correctional officers and inmates;

g. Failing to remove Defendant Jordan from working with inmates;

h. Failing to ensure there was sufficient supervision of the facility so that Defendant Jordan could not take inmates into private and unmonitored areas;

i. Failing to monitor the surveillance cameras to ensure sexual assaults did not occur at NECC;

j. Failing to implement and enforce policies that kept inmates from being sexually assaulted or harassed;

k. Failing to implement and enforce existing policies and procedures including failing to take action knowing that Defendant Jordan had been accused of sexual harassment, inappropriate relationships, and sexual assault by NECC inmates; and,

l. Failing to properly monitor staff by allowing Defendant Jordan to sexual abuse Plaintiff for months while Plaintiff was in the custody and care of the State of Missouri.

54. Defendant Stanton and/or the John Doe Defendants took the aforesaid actions and omissions with the intent to and/or the knowledge of the potential to cause serious harm to Plaintiff.

55. Defendant Stanton and/or the John Doe Defendants' conduct as described above constitutes actions that shock the conscious under the Fourth Amendmenr, Eighth Amendment or Fourteenth Amendment to the United States Constitution and violated clearly established constitutional and statutory rights.

56. The conduct of Defendants was objectively unreasonable and demonstrates a deliberate indifference to a substantial risk of serious harm to Plaintiff.

57. The conduct of Defendants as described above deprived Plaintiff of his right to not be subject to cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

58. The conduct of Defendants as described above deprived Plaintiff of his right to not be subject to unreasonable searches and seizures by the government under the Fourth Amendment to the United States Constitution.

59. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff was caused to suffer injury, pain, mental anguish and violated his constitutional rights.

60. The conduct of Defendants was motivated by evil motive or intent, was reckless, malicious, wanton, willful and violated Plaintiff's constitutional rights. An award of punitive damages is necessary to punish Defendants and to deter others from the same or similar transgression in the future.

**WHEREFORE,** Plaintiff Omar Ware requests judgment for general, special and punitive damages in a sum that this Court may deem just and reasonable, for costs of the suit and attorneys' fees, and for such other relief as the Court may deem just and equitable.

**COUNT II – ASSAULT AND BATTERY**
**(Defendant Jordan)**

61. Plaintiff hereby incorporates by reference the allegations and averments contained in Paragraphs 1 through 70 of his Complaint as though fully set forth herein.

62. Defendant Jordan made offensive bodily contact with Plaintiff on more than one occasion while Plaintiff was a resident of NECC and under the custody and care of the State of Missouri.

63. Plaintiff did not consent to any touching by Defendant Jordan.

64. Plaintiff had no choice but to yield to Defendant Jordan due to his authority and position as a correctional officer.

65. Defendant Jordan purposely and intentionally caused offensive bodily contact with Plaintiff.

66. Defendant Jordan caused injury to Plaintiff including but not limited to physical injury, anxiety, fear, depression, and mental anguish. Plaintiff has undergone medical care and treatment, incurred medical expenses and has permanent mental anguish.

67. Defendant Jordan's conduct was intentional and demonstrated a deliberate indifference and/or conscious disregard to Plaintiff's safety and wellbeing.

68. Defendant Jordan acted with malice in that he intentionally, deliberately and/or wantonly made an offensive contact with Plaintiff.

69. Defendant Jordan was in the course and scope of his employment as a correctional officer with the State of Missouri when he made an offensive and nonconsensual contact with Plaintiff.

70. The conduct of Defendant Jordan was reckless, malicious, wanton, willful and an award of punitive damages is necessary to punish Defendant Jordan and to deter others from the same or similar transgression in the future.

WHEREFORE, Plaintiff Omar Ware requests judgment for general, special and punitive damages in a sum that this Court may deem just and reasonable, for costs of the suit and attorneys' fees, and for such other relief as the Court may deem just and equitable.

**COUNT III – FALSE IMPRISONMENT**
**(Defendant Jordan)**

71. Plaintiff hereby incorporates by reference the allegations and averments contained in Paragraphs 1 through 79 of his Complaint as though fully set forth herein.

72. Defendant Jordan, at all relevant times, acted under the color of state law and was in the course and scope of his employment as a correctional officer with the State of Missouri.

73. Defendant Jordan's actions including cornering, trapping or seizing Plaintiff against his will for purposes of sexually assaulting Plaintiff and for no penological purpose constitute a restraint of Plaintiff's personal freedom.

74. There exists no legal excuse for Defendant Jordan's actions.

75. Plaintiff had no choice but to yield to Defendant Jordan due to his authority and position as a correctional officer.

76. On more than one occasion Defendant Jordan, prevented, threatened, and manipulated Plaintiff into private areas of NECC where Plaintiff could not leave on his own for the purpose assaulting Plaintiff.

77. After Defendant Jordan assaulted Plaintiff, on more than one occasion Defendant Jordan physically and verbally threatened Plaintiff, including but not limited to on May 26, 2023 when Defendant Jordan pinned Plaintiff against a railing unable to move.

78. As a direct and proximate result of Defendant Jordan's actions, Plaintiff suffered serious bodily pain, injury and emotional distress.

WHEREFORE, Plaintiff Omar Ware prays for judgment in her favor and against Defendant, Todd Allen, in an amount in excess of $75,000.00. for their costs incurred in this action and for such other relief as the Court deems fair and equitable

**DEMAND FOR JURY TRIAL**

Plaintiff Omar Ware hereby demands a jury trial on all issues.

Respectfully submitted,

*/s/William P. Denning*

William P. Denning MO #52869
Paeten E. Denning MO #72180
Denning Law Firm, LLC
8900 Indian Creek Parkway, Suite 210
Overland Park, KS 66210
Telephone: (816) 702-8400
Facsimile: (816) 702-8401
wdenning@denninglawfirm.com
pdenning@denninglawfirm.com
***ATTORNEYS FOR PLAINTIFF***